UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-48-1-BR
5:06-CV-312-BR

| | |
|---|---|
| TRAVIS SENTELL MONROE ) | |
| ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA ) | |

This matter is before the court on the government's motion to dismiss or, in the alternative, for summary judgment. Despite the Clerk's having sent notice of the motion to petitioner, petitioner has not filed a response, and the time within which to do so has expired. This matter is ripe for disposition.

On 26 September 2005, after petitioner pled guilty to possession with intent to distribute more than 5 grams of cocaine base, a quantity of cocaine, and a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1), the court sentenced petitioner to 222 months imprisonment, a term of supervised release, and a $10,000 fine. Petitioner did not appeal from the conviction.

Petitioner timely filed the instant § 2255 petition on 7 August 2006. On 9 August 2006, after conducting an examination of the petition pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the court directed the government to file an answer or other appropriate response. After receiving an extension of time, the government filed the instant motion to dismiss or for summary judgment.

Because the court will consider the affidavit of petitioner's counsel, the court will rule on the government's motion for summary judgment. Summary judgment is appropriate in those cases in which there is no genuine dispute as to a material fact, and in which it appears that the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Haavistola v. Community Fire Co. of Rising Sun, Inc., 6 F.3d 211, 214 (4th Cir. 1993). Summary judgment should be granted in those cases "in which it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law." Haavistola, 6 F.3d at 214. In making this determination, the court draws all permissible inferences from the underlying facts in the light most favorable to the party opposing the motion. Id.

Petitioner asserts four grounds for relief, three of which relate to the assistance of counsel.

> To prove ineffective assistance of counsel, a petitioner must satisfy the familiar requirements of Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner must initially prove that his counsel's performance was objectively unreasonable. In undertaking this inquiry, "[j]udicial scrutiny of counsel's performance must be highly deferential."
> ***
> The petitioner must also demonstrate that prejudice resulted from counsel's errors. To establish prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Campbell v. Polk, 447 F.3d 270, 279 (4th Cir. 2006) (citations omitted).

First, petitioner claims that his counsel was ineffective inasmuch as she coerced him into pleading guilty by misadvising him about the guideline range, resulting in an unintelligent and unknowing guilty plea. (Pet. at 5.) Even assuming counsel misadvised petitioner about his potential guideline range, petitioner did not suffer prejudice as a result. At his plea hearing, the court informed petitioner about the guidelines and petitioner gave the following sworn

2

testimony. THE COURT: ***

> YOUR SENTENCE WILL BE DETERMINED IN LARGE MEASURE BY REFERENCE TO SENTENCING GUIDELINES WHICH HAVE BEEN ADOPTED BY THE UNITED STATES SENTENCING COMMISSION AND WHICH UNDER A RULING OF THE SUPREME COURT OF THE UNITED STATES ARE NOW ADVISORY GUIDELINES RATHER THAN MANDATORY GUIDELINES, BUT WHICH PROVIDE THE BASIC COMPUTATION OF THE SENTENCE RANGE.
>
> ***
>
> NOW, THE COURT WILL NOT BE ABLE TO DETERMINE YOUR GUIDELINE RANGE UNTIL AFTER THAT PRESENTENCE REPORT HAS BEEN COMPLETED AND BOTH YOU AND YOUR LAWYER AND THE GOVERNMENT LAWYER HAVE HAD AN OPPORTUNITY TO CHALLENGE THE FACTS SET OUT IN THE PRESENTENCE REPORT. THAT NECESSARILY MEANS THAT NO ONE KNOWS AS OF THIS DATE WHAT YOUR GUIDELINE RANGE IS GOING TO BE.
>
> NEVERTHELESS, YOUR LAWYER HAS TOLD YOU WHERE– WHERE HE OR SHE HAS CALCULATED YOUR GUIDELINE RANGE WILL PROBABLY FALL. THAT IS NECESSARY, AS A PART OF YOUR LAWYER'S DUTIES TO YOU, TO TRY TO ASSIST YOU IN MAKING AN INFORMED DECISION ON WHETHER TO ENTER A PLEA OR TO GO TO TRIAL OR JUST WHAT DISPOSITION TO MAKE OF YOUR MATTER.
>
> NEVERTHELESS, IF THE GUIDELINE RANGE THAT YOUR LAWYER HAS CALCULATED AND TELLS YOU ABOUT HAPPENS TO DIFFER FROM THAT AS FINALLY DETERMINED BY THE COURT ON THE DATE OF SENTENCING, YOU WOULD STILL BE BOUND BY THE TERMS OF YOUR PLEA ENTERED TODAY IF I APPROVE IT.

(6/6/05 Tr. at 6, 8.)

> THE COURT: DID YOU [] HEAR WHAT I HAD TO SAY ABOUT THE SENTENCING GUIDELINES?
> THE DEFENDANT: YES, SIR. . . .
> THE COURT: I TAKE IT THAT MS. ALSPAUGH HAS TOLD YOU WHERE SHE HAS CALCULATED YOUR GUIDELINE RANGE TO PROBABLY FALL. SHE HAS DONE

3

THAT; HASN'T SHE?
  THE DEFENDANT: YES, SIR.
  THE COURT: DO YOU UNDERSTAND THAT IN DOING SO, SHE WAS EXERCISING HER BEST PROFESSIONAL JUDGMENT AS YOUR LAWYER?
  THE DEFENDANT: YES, SIR.
  THE COURT: AND THAT IF THE NUMBERS SHE HAS CALCULATED HAPPEN TO DIFFER FROM THOSE DETERMINED BY THE COURT ON THE DATE OF SENTENCING, YOU STILL WILL BE BOUND BY THE TERMS OF YOUR PLEA ENTERED TODAY IF I APPROVE IT. DO YOU UNDERSTAND THAT?
  THE DEFENDANT: YES, SIR.
  THE COURT: DO YOU HAVE ANY QUESTIONS YOU WANT TO ASK ME ABOUT THE SENTENCING GUIDELINES?
  THE DEFENDANT: NO, SIR. . . .
  THE COURT: HAS ANYBODY MADE ANY PROMISE TO YOU AS TO WHAT SENTENCE YOU WOULD RECEIVE?
  THE DEFENDANT: NO, SIR.

(<u>Id.</u> at 13.)

  THE COURT: I AM GOING TO ASK MRS. JACKSON, THE ASSISTANT UNITED STATES ATTORNEY, TO STATE FOR THE RECORD WHAT MAXIMUM PENALTIES YOU FACE ON THIS CHARGE AND I WANT YOU TO LISTEN CAREFULLY SO THAT I MAKE SURE YOU UNDERSTAND THAT.
  MRS. JACKSON: THE DEFENDANT FACES A MANDATORY MINIMUM OF FIVE YEARS; THE MAXIMUM, 40 YEARS IN PRISON; FINE, $2,000,000; SUPERVISED RELEASE TERM IS FOUR YEARS, YOUR HONOR, AND OF COURSE HE HAS A $100 SPECIAL ASSESSMENT ON THE CHARGES, AND IF THE SUPERVISED RELEASE WAS REVOKED, IT WOULD BE THREE YEARS.
  THANK YOU.
  THE COURT: DO YOU UNDERSTAND THAT THOSE ARE THE MAXIMUM PENALTIES YOU FACE ON YOUR PLEA HERE TODAY?
  THE DEFENDANT: YES, SIR.

4

(Id. at 14.)

In sum, petitioner knew that the guideline range calculated by the court might actually differ from counsel's calculation. Also, the court informed him of the maximum penalties he might receive. Under such circumstances, petitioner is not entitled to relief on this basis. See United States v. Foster, 68 F.3d 86, 87-88 (4th Cir. 1995) (finding at the Rule 11 hearing the court corrected any misinformation the defendant received from his attorney about being a career offender and therefore the defendant was not prejudiced).

Second, petitioner claims his counsel was ineffective for failure to file an appeal. Petitioner swears that after his sentencing, while he remained in the holding cell, he "stated [to counsel] he wanted to appeal his sentence." (Pet. at 6.) An attorney's failure to file a requested notice of appeal is per se ineffective assistance of counsel. See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Counsel's affidavit that petitioner "did not ask [her] to file notice of appeal in his case," (Mem., Ex. A ¶ 13; see also id. ¶¶ 15, 16, 17, 18), creates a genuine issue of material fact about whether petitioner was denied effective assistance of counsel in this regard.

Third, petitioner claims counsel was ineffective for failing to inform petitioner before he pled guilty that his prior convictions would qualify him for career offender status and therefore his guilty plea was not knowing and voluntary. (Pet. at 8.) Assuming counsel did not discuss with petitioner the effect of any prior convictions, petitioner was not prejudiced thereby. As noted, he was aware of the statutory maximum penalties and that the court might ultimately calculate the guideline range differently from his counsel. He also appears to further argue that because the prior convictions, which were the basis for the enhancement, were not charged in the

5

indictment, his Sixth Amendment rights were violated. (Pet. at 8.) Prior convictions need not be plead in the indictment, see United States v. Cheek, 415 F.3d 349, 354 (4th Cir.), cert. denied, 126 S. Ct. 669 (2005), and therefore, this argument fails.

Lastly, petitioner claims the federal government lacked jurisdiction to prosecute him as he never violated the commerce clause and the case was within the jurisdiction of North Carolina. (Pet. at 9.) The government is not required to show that petitioner's conduct substantially affected interstate commerce. Intrastate possession of controlled substances is sufficient to establish jurisdiction under 21 U.S.C. § 841. See United States v. Leshuk, 65 F.3d 1105, 1112 (4th Cir. 1995). Accordingly, this claim is without merit.

In sum, the government's motion for summary judgment is ALLOWED IN PART and DENIED IN PART. All of petitioner's claims except that of ineffective assistance of counsel based on failure to file an appeal are DISMISSED. Pursuant to 28 U.S.C. § 636(b) and Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the claim of ineffective assistance of counsel based on the failure to file an appeal is hereby referred to U.S. Magistrate Judge William A. Webb for an evidentiary hearing. The magistrate judge shall file proposed findings and recommendations with the court and a copy shall forthwith be mailed to all parties. Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court, which the undersigned shall review de novo. As petitioner has previously demonstrated he is financially unable to obtain adequate representation, (see 3/24/05 CJA 23 form and Order), and the court assumes by virtue of his incarceration, petitioner's financial status has not changed, the Federal Public Defender is DIRECTED to appoint a panel attorney to represent petitioner for

6

purposes of the evidentiary hearing. The hearing shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation. Attention of all parties is directed to Fed. R. Crim. P. 26.2(a)-(d) and (f).

Petitioner's 7 April 2006 motion to order counsel to turn over documents is DENIED as moot; petitioner apparently has already received copies of pertinent documents from counsel's files. (See Mem., Ex. A ¶ 16.)

This 17 November 2006.

_____
W. Earl Britt
Senior U.S. District Judge

taw/us/acp